UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cr54

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **GREGORY PRUESS,** | ) | |
|     **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the court on Defendant Gregory Pruess's Motion to Dismiss for Invalidity of Underlying Statute and Felony Convictions (Document #17), filed February 27, 2009, the Government's Response (Document #21), filed June 25, 2009, and Defendant's Reply (Document #22), filed June 30, 2009. This matter is now ripe for disposition.

BACKGROUND

In the present case, Defendant is charged with possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), but this is not Defendant's first appearance before this court. On April 16, 1996, Judgment was entered against the Defendant after he pleaded guilty to transferring a destructive device in violation of 26 U.S.C. § 5861(e). *Case No. 5:94cr19*. On January 6, 2000, judgment was again entered against Defendant after he pleaded guilty to (1) four counts of engaging in the business of importing, manufacturing, and dealing in explosive material without a license, in violation of 18 U.S.C. § 842(a); (2) three counts of shipping or transporting explosive materials in interstate and foreign commerce by a convicted felon, in violation of 18 U.S.C. § 842(j); (3) four counts of engaging in the business of importing, manufacturing, and dealing in firearms without a license, in violation of 18 U.S.C. § 922(a); (4) three counts of unlawful

1

transport of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g); (5) two counts of unlawful possession and transport of machine guns, in violation of 18 U.S.C. § 922(o); and (6) two counts of unlawful transfer of machine guns in violation of Chapter 53 of Title 26, U.S. Code. *Case No. 5:97cr300*. In November 1999, Pruess pleaded guilty to violating 18 U.S.C. 922(g) by unlawfully transporting a firearm in and affecting interstate commerce as a convicted felon. *Case No. 5:99cr48*.

On December 18, 2006, Defendant filed a Petition for Writ of Error Coram Nobis, *Case No. 5:06cv159*, asking the court to vacate his conviction in *Case No. 5:94cr19*. In his petition, Defendant asserts that the item transferred in that case was not a "destructive device" but should instead have been classified as ammunition, and that transferring ammunition was not criminalized by the statute on which his conviction was based. To date, the court has not ruled on Defendant's Petition for Writ of Coram Nobis.

## ANALYSIS

Even if this court were to grant Defendant's Petition for Writ of Error Coram Nobis and thereby vacate the conviction in *Case No. 5:94cr19*, Defendant would still be subject to prosecution in the instant case. As Defendant admits in the motion now before the court, the Supreme Court held in Lewis v. United States, 445 U.S. 55 (1980), that a felony conviction's susceptibility to collateral attack, even on constitutional grounds, does not affect a defendant's status as a previously convicted felon for purposes of the federal statute banning felons from possessing firearms. Thus, even if Defendant's Petition for Writ of Error Coram Nobis was granted, this would not change his status as a convicted felon at the time of his arrest on the instant charge. As the Supreme Court stated in Lewis, 445 U.S. at 65, "Congress clearly intended that the defendant clear his status *before* obtaining

a firearm." (emphasis in original).

Defendant argues that the vitality of Lewis has been undercut by the recent Supreme Court decision in District of Columbia v. Heller, __ U.S. __, 128 S. Ct. 2783, 2816 n.25 (2008). However, the cited passage only calls into doubt "footnoted dictum" from Lewis that was not vital to the decision. Thus, absent clear indication from the Supreme Court that the main holding of Lewis is no longer valid law, this court remains bound to follow its dictates.

Furthermore, even if Pruess's conviction in *Case No. 5:94cr19* could not be used to establish a predicate felony conviction for purposes of the instant charge, there are a multitude of other convictions that would remain undisturbed even if Pruess's Petition for Writ of Error Coram Nobis was granted. In *Case No. 5:97cr300*, Pruess was convicted of eight different counts of importing, manufacturing, and dealing firearms and ammunition without a license, and these convictions were not dependent on Pruess's prior felony conviction in *Case No. 5:94cr19*. Additionally, Pruess's conviction in *Case No. 5:97cr300* on two counts of unlawful transport and possession of machine guns are also independent of Pruess's felony conviction in *Case No. 5:94cr19*. In fact, 18 U.S.C. § 922(o) criminalizes possession of a machine gun by *anyone*, including individuals who have not been convicted of a felony and who have a license to import, manufacture, and deal in other types of restricted firearms.

Defendant also challenges his pending charge on the ground that the Heller decision has rendered the felon in possession statutes unconstitutional. However, the Heller opinion states unequivocally that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 128 S. Ct. at 2816-17. This court therefore finds no merit in Defendant's argument to the contrary.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant Gregory Pruess's Motion to Dismiss for Invalidity of Underlying Statute and Felony Convictions is **DENIED**.

Signed: July 2, 2009

Richard L. Voorhees
United States District Judge